37 F.3d 1484
 5 NDLR P 367
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
J. DOE, Plaintiff, Appellant,
v.
HARVARD UNIVERSITY, Defendant, Appellee.
 Nos. 93-2051, 93-2234, 94-1589.
 United States Court of Appeals,
First Circuit.
 Oct. 12, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts
 J. Doe on brief pro se.
 Eileen M. Hagerty, Kern, Hagerty, Roach & Carpenter on brief for appellee.
 Margaret H. Marshall and Kathleen B. Rogers, Office of General Counsel Harvard University, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before SELYA, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant J. Doe, a student suspended from the Extension School of appellee Harvard University, filed a complaint in June 1993 alleging that she had been discriminated against by Harvard because of a learning disability from which she suffers. Her complaint alleged violations of the Civil Rights Act, 42 U.S.C. Sec. 1983, the Individuals with Disabilities Act [IDEA], 20 U.S.C. Secs. 1400-1485, the Rehabilitation Act, 29 U.S.C. Secs. 701-797b, and the Americans with Disabilities Act [ADA], 42 U.S.C. Secs. 12101-12213. She sought injunctive relief in the form of an order compelling Harvard to reinstate her as a student and to refrain from other alleged acts of discrimination. At the same time, Doe also filed a motion for a preliminary injunction seeking similar relief. The district court dismissed the parts of the complaint predicated on the Civil Rights Act and the IDEA and granted summary judgment to Harvard on the remaining counts. The court also denied Doe's request for a preliminary injunction. Later the district court denied Doe's motion for reconsideration. Doe appeals the dismissal of her case, the denial of her motion for reconsideration and the denial of her request for a preliminary injunction. She also appeals the refusal by the district court judge to recuse himself. After having reviewed carefully the record in this case, the parties' briefs, and appellant's numerous filings, we affirm.
 
 
 2
 Doe's claims pursuant to Section 1983 of the Civil Rights Act and those pursuant to the IDEA were both properly dismissed. This court has previously held that Harvard "is not a public institution, and is not sufficiently intertwined with the Commonwealth of Massachusetts as to meet the 'state action' requirement for a Sec. 1983 cause of action." Rice v. President and Fellows of Harvard College, 663 F.2d 336, 337 (1st Cir. 1981), cert. denied, 456 U.S. 928 (1982). The IDEA "provides federal money to assist state and local agencies in educating handicapped children, and conditions such funding upon a State's compliance with extensive goals and procedures." Board of Education v. Rowley, 458 U.S. 176, 179 (1982) (emphasis added). The IDEA does not apply to adults like Doe, see 20 U.S.C. Sec. 1412(2)(B) (children are those between three and twenty-one years old), nor does it apply to private institutions like Harvard, see. e.g., 20 U.S.C. Sec. 1415(a) (IDEA seeks to guarantee "free appropriate public education").
 
 
 3
 To prevail on a claim under either the Rehabilitation Act or the ADA Doe must show, inter alia, that she has been discriminated against because of her disability. See 29 U.S.C. Sec. 704(a) ("no otherwise qualified individual ... shall, solely by reason of her or his disability, ... be subjected to discrimination") (Rehabilitation Act); 42 U.S.C. Sec. 12112(a) ("[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual") (ADA). In its motion for summary judgment Harvard presented sworn affidavits, with documentary support, which indicated that it had accommodated Doe's disability to the full extent recommended by the only psychologist Doe consulted on this matter. Harvard also presented evidence that the other acts of alleged discrimination were taken for legitimate, non- discriminatory reasons.
 
 
 4
 In opposition to the motion for summary judgment, Doe set forth no specific facts as required by Fed. R. Civ. P. 56(e), but only " 'conclusory allegations, improbable inferences, and unsupported speculation' " that she had been the victim of discrimination. Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993) (quoting Medina-Munoz v. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). This is not sufficient to withstand a properly supported motion for summary judgment. See also Wynne v. Tufts Univ. School of Medicine, 976 F.2d 791, 794 (1st Cir. 1992) ("evidence that 'is merely colorable or is not significantly probative' cannot deter summary judgment") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986), cert. denied, 113 S.Ct. 1845 (1993).
 
 
 5
 On appeal, Doe has also raised several other claims. We need not address some of these because they were not presented first to the district court. See, e.g., Kale v. Combined Ins. Co., 861 F.2d 746, 755 (1st Cir. 1988). In any event, none appears to have any merit.
 
 
 6
 The judgment of the district court dismissing appellant's action is affirmed. The order of the court denying appellant's request for a preliminary injunction is affirmed. The denial of appellant's motion for reconsideration is affirmed. The refusal by the district court judge to recuse himself is affirmed. Appellant's request for oral argument is denied. Appellant's request that this court reconsider its denial of her request for district court transcripts at court cost is denied.